2009-046003
SL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

ROBERT EDWARD NOWAKOWSKI,

                                          Plaintiff,

-against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, DR. MAURICE WRIGHT, P.O.
LINTON X.E. JONES, SGT. STILES, DETECTIVE
CRU, WOODHULL HOSPITAL SECURITY
DIRECTOR O. HERNANDEZ,

                                          Defendants.
------------------------------------------------------------- X

**STIPULATION OF
SETTLEMENT AND ORDER OF
DISMISSAL**

09 CV 5203 (RJD) (LB)

       **WHEREAS**, plaintiff Robert Edward Nowakowski commenced this action by filing a complaint on or about November 23, 2009, alleging violations of his federal civil and state common law rights; and

       **WHEREAS**, defendants New York City Health and Hospitals Corporation ("HHC"), Dr. Maurice Wright, Linton X.E. Jones, Shawnda Styles, Herbert Cruz and Jaime Gonzalez, have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

       1.    The above-referenced action is hereby dismissed against defendants HHC, Dr. Maurice Wright, Linton X.E. Jones, Shawnda Styles, Herbert Cruz and Jaime Gonzalez, with

prejudice, and without costs, expenses, or attorney's fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff Robert Edward Nowakowski the sum of **FIVE THOUSAND FIVE HUNDRED DOLLARS ($5,500.00)**, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against defendants HHC, Dr. Maurice Wright, Linton X.E. Jones, Shawnda Styles, Herbert Cruz and Jaime Gonzalez, and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees, and attorneys' fees, with the sole exception of claims arising from plaintiff's arrest on October 31, 2006.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of

2

the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant City reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
         July 6, 2012

Robert Edward Nowakowski
*Plaintiff pro se*
226 Norman Avenue, Apt. #3
Brooklyn, New York 11222

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
  *Attorney for Defendants New York City*
  *Health and Hospitals Corporation, Dr.*
  *Maurice Wright, Linton X.E. Jones,*
  *Shawnda Styles, Herbert Cruz and*
  *Jaime Gonzalez*
100 Church Street, Rm. 3-203b
New York, New York 10007
(212) 341-0797

By: /s/ Robert Edward Nowakowski
Robert Edward Nowakowski

By: /s/ Brian J. Farrar
Brian J. Farrar
Assistant Corporation Counsel

SO ORDERED:

s/ Judge Raymond J. Dearie

HON. RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
         July 13, 2012

4